IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 99-30228-GPM |
| | ) |
| REGINALD PALMER, | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

On July 26, 2000, Defendant was sentenced to a 475-month term of imprisonment with 6 years of supervised release. On remand from the Seventh Circuit Court of Appeals for resentencing only, Defendant was resentenced on October 30, 2001, to a 405-month term of imprisonment with 6 years of supervised release. The Court of Appeals dismissed Defendant's second appeal on June 6, 2002.[1]

This matter is before the Court on Defendant's motion to modify his sentence pursuant to 18 U.S.C. §§ 3553 and 3582 in light of an amendment to U.S.S.G. § 2D.1.2 and the Supreme Court's ruling in *United States v. Booker*, 125 S. Ct. 738 (2005). The Seventh Circuit Court of Appeals has held that the *Booker* ruling does not apply retroactively to convictions that were final prior to the *Booker* decision, which was issued on January 12, 2005. *McReynolds v. United States*, 397 F.3d

---

[1] Appellate counsel filed a brief under the procedures set forth in *Anders v. California*, 386 U.S. 738 (1967), and the Court of Appeals agreed that no nonfrivolous argument could be advanced on appeal.

479, 481 (7th Cir. 2005). The Court is unclear as to Defendant's sentencing guideline amendment argument. Defendant appears to be claiming that § 2D1.2 was amended on November 1, 2000; that it is retroactive; and that, consequently, the enhancement contained therein should not have applied. If this is in fact his argument, it should have been raised at resentencing in the District Court and on appeal. The Court will not entertain it now. In any event, Defendant pleaded guilty to drug trafficking within a protected location under 21 U.S.C. § 860, and the other drug charges were dismissed as lesser included offenses. Thus, the Court does not see how the amendment could affect Defendant's sentence, even if it was retroactive. For these reasons, Defendant's motion (Doc. 74) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED: 04/17/06

    s/ G. Patrick Murphy
    G. PATRICK MURPHY
    Chief United States District Judge